IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARTHUR WILLIAMS, JR.                                                                         PLAINTIFF

vs.                                        Civil No. 1:22-cv-01046

COMMISSIONER, SOCIAL                                                                      DEFENDANT
SECURITY ADMINISTRATION

### MEMORANDUM OPINION

Arthur Williams, Jr., ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability application on October 30, 2019. (Tr. 16). In the application, Plaintiff alleges being disabled due to Type 2 diabetes, neuropathy in hands, feet and legs, and high blood pressure. (Tr. 197). Plaintiff alleges an onset date of August 1, 2019. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

16).  This application was denied initially and again upon reconsideration.  *Id.*  Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted.  (Tr. 91-143).

On March 12, 2021, the ALJ held an administrative hearing.  (Tr. 30-51).  At this hearing, Plaintiff was present and represented by counsel, Matthew Golden.  *Id.*  Plaintiff and Vocational Expert ("VE") William Stampley testified at this administrative hearing.  *Id.*

On September 27, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 16-25).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 30, 2019.  (Tr. 18, Finding 1).  The ALJ also determined Plaintiff had the following severe impairments: diabetes, peripheral neuropathy, lumbar spondylosis, chronic pain syndrome, and obesity.  (Tr. 18, Finding 2).  Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19, Finding 3).

In her decision, the ALJ determined Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 20-23, Finding 4).  Specifically, the ALJ found Plaintiff retained the RFC to perform light work except limited to occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, or crawling; no climbing of ladders, ropes, or scaffolds; and needs to change position for one to two minutes per hour without being off task or away from the workstation.  *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 23, Finding 5).  The ALJ determined Plaintiff had no PRW.  *Id.*  However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 23, Finding 9).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) price marker

with approximately 283,200 jobs in the nation, (2) router with approximately 54,500 jobs in the nation, and (3) cafeteria attendant with approximately 139,500 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled since October 30, 2019. (Tr. 24, Finding 10).

Plaintiff requested the Appeal's Council's review of this unfavorable decision. (Tr. 5-10). The Appeals Council denied this request. *Id.* Thereafter, on August 15, 2022, Plaintiff appealed his administrative case to this Court. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 18, 20.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff alleges the ALJ erred in assessing his subjective allegations. ECF No. 18 at 1-5. In response, Defendant argues the ALJ did not err in any of her findings. ECF No. 20.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a full consideration of the *Polaski* factors. (Tr. 20-23). In her opinion, the only *Polaski* factor the ALJ considered was Plaintiff's daily activities. *Id.* Instead of fully considering the *Polaski* factors, the ALJ provided the following statement:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have reasonably been expected to produce symptoms. However, in evaluating the claimant's symptoms, including pain, under the factors described in 20 CFR 416.929(c)(3) and Social Security Ruling 16-3p, the undersigned finds the claimant's allegations as to the nature, intensity, persistence and limiting effects of those symptoms are not fully substantiated by the medical signs, laboratory findings and other evidence of record as discussed below.

(Tr. 21).

Although the ALJ referenced "other evidence," she did not provide what that "other evidence" was, apart from Plaintiff's medical records. Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective

6

medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of May 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE